IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**  CRIMINAL NO. 2:24-cr-00129

**DONALD A. ENNIS**

## UNITED STATES SENTENCING MEMORANDUM

The United States of America, by Erik S. Goes, Assistant United States Attorney for the Southern District of West Virginia, offers the following Sentencing Memorandum in anticipation of the sentencing hearing in this matter, presently set for May 28, 2025, at 10:00 a.m. in Charleston, West Virginia.

## OFFENSE AND RELEVANT CONDUCT

The Presentence Investigation Report ("PSR"), revised on April 30, 2025, sets the base offense level at 7. *See* PSR, Paragraph ("¶") 37; USSG §2B1.1(a)(1). There is an applicable enhancement concerning loss of more than $250,000 but less than $550,000. *See* PSR, ¶ 38; USSG §2B1.1(b)(1)(G). This specific offense characteristic results in a twelve-level increase; the adjusted offense level is raised to 19.

Pursuant to the plea agreement, the United States does not believe the cross reference applies.[1]  See PSR, ¶ 39; Addendum. The parties agree that the abuse of position of trust enhancement applies; this enhancement increases the offense level by two levels to a 21.  See PSR, ¶ 47.

Defendant has accepted responsibility for his offense by agreeing to plea promptly, supporting both of the guideline decreases pursuant to USSG §§3E1.1(a) and (b).  See PSR, ¶¶ 51-52.  The United States believes that the total offense level is 18.  See PSR, ¶ 28, cf. PSR ¶ 53(revised), citing total offense level as 23; Addendum to Presentence Report, Defendant Objection and Probation Officer Response.

Defendant has no prior criminal history, only a citation. See PSR, ¶¶ 54-60.  This results in a criminal history score of 0 and criminal history category I.  See PSR, ¶ 57.

The maximum term of imprisonment of twenty years for each count of conviction is found at 18 U.S.C. § 1343(a).  See PSR, ¶ 82.  The plea agreement sets forth the offense and relevant

---

[1] The parties disagree with the PSR's inclusion of the arson guideline cross reference at USSG §2K1.4.  The parties rely on the timing of the formation of the scheme to defraud as occurring after the fire was set and Defendant's state of mind in setting the fire. Though there is a dispute, the United States will, as it must, follow the plea agreement as it was constructed, and not seek this enhancement.  As the language of the Plea informs all parties, this Court will make its own separate guideline calculation independent of the parties' agreement.  See ECF 16, Plea Agreement ¶ 11.

conduct in the Stipulation of Facts.  *See* PSR, ¶ 4; Plea Agreement, ECF 16 at pp. 24-29.  The United States believes that Defendant's advisory guideline range in Zone D of the Sentencing Table is 27-33 months, *cf.*, PSR, ¶ 83 (citing guideline imprisonment range as 46-57 months).

## RESTITUTION AND VICTIMS

Restitution is applicable for this offense.  *See* PSR, ¶¶ 131-132.  There are three victims listed in the report; there is no dispute as to the restitution amount.  *See* PSR, ¶ 131; Objections.

## 18 U.S.C. § 3553(a) FACTORS

The United States believes a guideline sentence is an appropriate sentence for Defendant's two fraud convictions. Defendant's criminal conduct in the instant case was extremely serious, such that "wire fraud" undersells his specific criminal acts. This was not a "run of the mill" financial fraud scheme. The serious nature and circumstances of Defendant's conduct specifically falls under § 3553(a) factors that hue toward a sentence well within the advisory guideline range.

Defendant intentionally and deliberately stole money—over $100,000—from a volunteer fire department. Every time Defendant made a deliberate choice to steal from the fire department, he committed a separate crime.  The fraud scheme went on for years with no abatement by Defendant. The money Defendant stole was used

3

to buy car parts and otherwise inflate his lifestyle, while depriving the volunteer fire department of vital funds.

Defendant also intentionally burned down his own house and then filed insurance claims against it—fraudulently claiming the fire to be an accident. Defendant cashed every insurance check he was sent. Those checks were used to inflate his lifestyle by rebuilding the house and paying off debt.

Defendant did not stop his criminal conduct with the volunteer fire department or cashing the insurance checks until he was caught by authorities. The need to dissuade Defendant and others similarly situated with like conduct is important.

Our society has a strong interest in deterring those who are in positions of trust from stealing from critically important agencies, such as volunteer fire departments. Many parts of this state (and the nation) rely exclusively on volunteer fire departments for fire protection. They are a precious "common good" resource whose monies and donations should be carefully preserved from criminality, especially from members entrusted with Department monies. Defendant stole large sums of money from the volunteer fire department solely for his personal enrichment. Others need to be made aware that stealing from any volunteer fire departments will result in serious sanctions.

Likewise, intentionally burning a home, resulting in the loss of all possessions and innocent animals that were kept as pets, is

4

appalling. Intentionally setting a house ablaze puts others at risk, not only first responders, but also neighbors, the fire marshal, and insurance adjusters who have to walk through the debris. Even allowing that this fire may have been a failed attempt to end a life, and the scheme to defraud began after the arson was committed, the callous conduct of both the fire and the subsequent fraud cannot be discounted. Defendant reported the fire as an accident while knowing it was intentionally set by his own hand. Defendant repeatedly filed follow-up claims to obtain the maximum financial benefit from his fraud. Others who are tempted to defraud insurance companies in such fashion must be made aware that such criminal conduct will be aggressively prosecuted and sentenced accordingly.

Other § 3553(a) factors cut in Defendant's favor. Defendant, once caught, was cooperative with the investigation. The investigating agents have repeatedly informed the undersigned of Defendant's cooperation and asked that his cooperation be conveyed to the Court. Defendant took responsibility for his criminal conduct through statements to the agents and in entering a timely guilty plea before this Court.

Nothing in Defendant's background points to such levels of criminal conduct. He has no criminal history, no abuse of controlled substances or alcohol, a normal childhood, and the respect of many of his peers and family members. It is baffling

5

why, with seemingly everything going for him, Defendant would risk so much by engaging in these two fraud schemes. And yet he did. His poor choices have serious criminal consequences for the innocent victims in particular and society at large. Whatever led him to such fraudulent endeavors calls for a strong message to be sent to him and any others so inclined.

## **TIME AND WITNESS**

There remains one objection, which can be resolved without the taking of evidence. Thirty minutes should be sufficient to resolve the objection and conduct the sentencing hearing.

> Respectfully submitted,
>
> LISA G. JOHNSTON
> Acting United States Attorney
>
> By:
> s/Erik S. Goes
> ERIK S. GOES
> Assistant United States Attorney
> WV State Bar No. 6893
> 300 Virginia Street, East
> Room 4000
> Charleston, West Virginia 25301
> Telephone: 304-345-2200
> Fax: 304-347-5104
> E-mail: erik.goes@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing "UNITED STATES SENTENCING MEMORANDUM" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 21st day of May 2025 to:

        Rachel E. Zimarowski
        Assistant Federal Public Defender
        Office of the Federal Public Defender
        300 Virginia Street, East, Room 3400
        Charleston, West Virginia 25301
        E-mail: Rachel.Zimarowski@fd.org

        s/Erik S. Goes
        ERIK S. GOES
        Assistant United States Attorney
        WV State Bar No. 6893
        300 Virginia Street, East
        Room 4000
        Charleston, West Virginia 25301
        Telephone: 304-345-2200
        Fax: 304-347-5104
        E-mail: erik.goes@usdoj.gov